**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| CARLOS ALBERTO GUTIERREZ-HIDALGO,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02857-TLP-cgc |

## ORDER TO SHOW CAUSE

Petitioner Carlos Alberto Gutierrez-Hidalgo, a noncitizen detained in the Western District of Tennessee, petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 2 at PageID 1, 7.) The Court ordered Respondent to show cause why the Writ should not be granted. (ECF No. 5.) Respondent responded. (ECF No. 7.) Petitioner replied. (ECF No. 8.)

This is not the first time that Petitioner has requested relief from this Court.[1] *See Gutierrez Hidalgo v. Bullock*, No. 2:26-cv-02217-SHL-cgc, 2026 WL 758461, at *1 (W.D. Tenn. Mar. 17, 2026); *Gutierrez Hidalgo v. Bullock*, No. 2:26-cv-02217-SHL-cgc, 2026 WL 1287136, at *1 (W.D. Tenn. May 11, 2026). Petitioner has been detained since October 30, 2025, and remains in custody at the West Tennessee Detention Center. (ECF No. 2 at PageID 2, 5; *see also*

[1] Indeed, the Court dismissed Petitioner's first Petition but found his case "troubling." *Gutierrez Hidalgo*, 2026 WL 758461, at *2 ("[Petitioner] described in the hearing a troubling history of medical neglect at the West Tennessee Detention Facility, where he has been held since October 30, 2025. According to him, after he was diagnosed with colon cancer while in detention, he was scheduled multiple times for a surgery that has still not taken place, despite the growing risk to his health.").

ECF No. 7 at PageID 15–16 (noting that Petitioner remains "detained in preparation for voluntary departure").) But on March 12, 2026, an Immigration Judge granted Petitioner pre-conclusion voluntary departure "in lieu of removal" and deemed him "removable from the United States." (ECF No. 7-2 at PageID 21–23.)

Petitioner now challenges his detention as unlawful, emphasizes his medical condition, and asserts as a ground for his release the deprivation of a liberty interest under the Fifth Amendment's Due Process Clause. (ECF No. 2 at PageID 7–8.) Respondent, though, claims that Petitioner is "subject to a final order of removal, and his detention is governed by 8 U.S.C. § 1231." (ECF No. 7 at PageID 16.) Respondent then argues that, under that provision and *Zadvydas v. Davis*, it is "authorize[d]" to detain Petitioner "beyond the initial 90-day removal period" for at least six months after an order of removal. (*Id.*; *see also Zadvydas v. Davis*, 533 U.S. 678 (2001).)

But Respondent makes conflicting statements. Without attaching or citing a final order of removal, Respondent notes that Petitioner is "subject to a final order of removal," so his detention is governed by 8 U.S.C. § 1231.[2] (ECF No. 7 at PageID 15–16.) And in the same

[2] Respondent further notes that "Petitioner was warned that failure to timely depart the United States would result in the entry of an alternate final order of removal" based on 8 C.F.R. § 1240.26(d). (*Id.* at PageID 15–16.) That warning would make sense if Petitioner were able to "timely depart the United States." (*See id.* at PageID 16; *see* also 8 U.S.C. § 240.25(b).) But as Respondent recognizes, "Petitioner was in custody in the West Tennessee Detention Center" when he "filed the Petition" and remained in custody as of the date of Respondent's Response. (ECF No. 7 at PageID 16.)

It thus begs the question, how could Petitioner have voluntarily departed by May 12, 2026? (*See id.* at PageID 15.) It seems impossible. Nor did Respondent attach or cite an "alternate final order of removal pursuant to 8 C.F.R. § 1240.26(d)," so the Court does not know whether such an order exists. (*See id.* at PageID 16; *see also id.* at PageID 17 ("Petitioner is lawfully detained under 8 U.S.C. § 1231 because he is subject to a final order of removal.").) Respondent must inform the Court of whether it has released Petitioner. It must also inform the Court of whether Petitioner is in fact subject to a final order of removal.

filing it notes that Petitioner was "granted voluntary departure under safeguards," *in lieu of removal*, and "agreed to departure on or before May 12, 2026." (*Id.* at PageID 15–17 (citation modified); *see also Rodriguez-Rodriguez v. Raycraft*, No. 3:26-cv-667, 2026 WL 1453772, at *3 (N.D. Ohio May 22, 2026) ("By ordering voluntary departure, the immigration judge terminated Petitioner's removal proceedings, explicitly stating that he is removable based on the charges in the Notice to Appear.").)

Based on the filings available to the Court, it seems like Petitioner is in fact not "subject to a final order of removal," so *Zadvydas* and its six-month period do not govern this case. *See El Badrawi v. United States*, 787 F. Supp. 2d 204, 231 (D. Conn. 2011) ("[T]he procedures and rules that apply in a case of voluntary departure should not be conflated with those that apply following an order of removal. The mandate to use detention in cases of removal, 8 U.S.C. § 1231(a)(2), clearly does not apply in cases of voluntary departure, and therefore, it does not explain the authority for detention in this case."); *see also Zadvydas*, 533 U.S. at 682, 701.

Rather, 8 C.F.R. § 240.25(b) governs this Petition. *Gutierrez-Hidalgo*, 2026 WL 1287136, at *1. And Respondent's basis for "statutory or regulatory authority supporting the use of detention following a grant of voluntary departure" is unclear. *See El Badrawi*, 787 F. Supp. 2d at 231. Respondent must identify the source of its authority to continue to detain Petitioner nearly five months after May 12, 2026. (*See id.* at 231–32; *see also* ECF No. 7-2 at PageID 23.) Subsection 240.25(b) allows "any conditions" deemed "*necessary to ensure the alien's timely departure*," but Petitioner's "removal under safeguards" no longer seems to "ensure the alien's timely departure" and it is unclear why Petitioner remains detained and unable to voluntarily depart. *See El Badrawi*, 787 F. Supp. 2d at 231–32 (emphasis in original) (citation modified).

The Court **ORDERS** Respondent to clarify on or before October 9, 2026, whether it has released Petitioner and whether Petitioner is in fact subject to a final order of removal. Further, the Court **ORDERS** Respondent to show cause on or before October 9, 2026, why Petitioner remains detained months after the date on which he should have been allowed to voluntarily depart the United States.

**SO ORDERED**, this 5th day of October, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE